UNITED STATES OF AMERICA

IN THE EASTERN DISTRICT OF MICHIGAN

Paul A. DiPonio,                                        File No.
    Plaintiff,

    v.                                                 Hon. _____
                                                          District Court Judge
Denis McGuckin, Nick Daly,
Jacob Travers, Spencer Nelson,
    Defendants.
_____/
J. Nicholas Bostic P40653
Attorney for Plaintiffs
909 N. Washington Ave.
Lansing, MI 48906
(517) 706-0132
_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff, for his complaint, states:

1. This is a civil action seeking money damages and equitable relief for violations of the United States Constitution and federal statutes under 42 U.S.C. §1983 as to Defendants McGuckin, Travers, and Nelson.

2. As to Defendant Daly, this civil action seeks money damages for violations of the Fourth Amendment pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

3. Plaintiff Paul A. DiPonio is, and at all relevant times was, a competent adult

1

and a resident of Ingham County in the State of Michigan.

4. Defendant Denis McGuckin is a state trooper with the Michigan State Police, his county of residence is unknown, and his place of conducting business is in various counties in the Eastern District of Michigan.

5. Defendant Nick Daly is a Special Agent with the United States Drug Enforcement Agency, his county of residence is unknown, and his place of conducting business is in various counties in the Eastern District of Michigan.

6. Defendant Jacob Travers is a state trooper with the Michigan State Police, his county of residence is unknown, and his place of conducting business at times relevant to this Complaint was in various counties in the Eastern District of Michigan.

7. Defendant Spencer Nelson is a state trooper with the Michigan State Police, his county of residence is unknown, and his place of conducting business at times relevant to this Complaint was in various counties in the Eastern District of Michigan.

8. This cause of action arose in Shiawassee County, in the State of Michigan and in the Eastern District of Michigan.

9. At all times relevant to this matter, Defendants were acting under color of law.

10. This Court has jurisdiction pursuant to 28 USC §§1331 and 1343(a)(4) for the

2

federal claims.

## <u>GENERAL ALLEGATIONS</u>

11. Paragraphs 1-10 are incorporated herein by reference.

12. On or about June 25, 2018, Drug Enforcement Administration (DEA) task force officers, including but not limited to Defendant Daly, requested Defendant McGuckin to conduct a pretext traffic stop of Plaintiff's vehicle.

13. Defendant McGuckin at approximately 3:00 p.m., used his official state police vehicle to perform a traffic stop on Plaintiff's vehicle as it was lawfully driving on Torrey Road in Shiawassee County, Michigan.

14. The stop was purportedly for civil infractions, to wit: failure to signal a turn, tinted windows, and an inoperable brake/tail-light assembly.

15. The agents and officers had no warrant and no court order to detain, seize or search Mr. DiPonio or his vehicle.

16. The traffic stop was not supported by probable cause.

17. The claim that Plaintiff did not signal his turn is false.

18. The tinted windows on Plaintiff's car are permitted by state law.

19. The brake/tail-light assembly is legally compliant with state law.

20. Plaintiff disclosed to Defendant McGuckin that he was lawfully carrying a pistol in his car.

3

21. Defendant McGuckin ordered Plaintiff to leave the vehicle and he complied.

22. Defendant McGuckin escalated the seizure by ordering Plaintiff out of the vehicle, immediately conducting a pat-down, and immediately handcuffing Plaintiff.

23. Plaintiff specifically told Defendant McGuckin that he did not consent to any searches.

24. Plaintiff made no threats and was cooperative.

25. The stop and seizure of Plaintiff and his vehicle were unreasonable and in violation of the Fourth Amendment to the United States Constitution.

26. Defendant McGuckin moved Plaintiff – while handcuffed – to an area near his patrol car under the control of Defendant Daly.

27. Defendant McGuckin then searched inside of Plaintiff's vehicle.

28. Defendant McGuckin then used his canine to conduct a search of the inside of the vehicle.

29. Defendant McGuckin then seized a can which had been identified by the canine as containing a controlled substance.

30. Defendant McGuckin did not write any citations for the purported civil infractions.

31. Defendant McGuckin had Plaintiff's vehicle impounded.

32. Defendant McGuckin detained Plaintiff at the scene of the purported civil

4

infractions for slightly over 18 minutes before conducting his unlawful search.

33. Defendant McGuckin then placed Mr. DiPonio in the patrol car and transported him to the State Police Post.

## COUNT I – UNREASONABLE SEIZURE
(42 U.S.C. § 1983 - Fourth Amendment; June 25 (or 26), 2018)

34. Paragraphs 1-33 above are incorporated herein by reference.

35. The claim that Plaintiff failed to signal his turn is factually incorrect.

36. The claim that Plaintiff's brake/tail-light assembly is in violation of state law is factually and legally incorrect.

37. The claim that Plaintiff's side windows at the front are in violation of state law is factually and legally incorrect.

38. Defendant McGuckin had no probable cause to believe that a violation of the Michigan Motor Vehicle Code had occurred.

39. Defendant McGuckin had no reasonable, articulable suspicion that a criminal offense had occurred, was occurring, or was about to occur.

40. Defendant McGuckin had no court order or warrant to stop and seize Plaintiff or his vehicle.

41. Defendant McGuckin's conduct in performing a traffic stop on Plaintiff and his vehicle was unreasonable pursuant to the Fourth Amendment to the United States Constitution and a violation of Plaintiff's rights.

42. The conduct of Defendant McGuckin was a direct and approximate cause of damage to Plaintiff as described herein.

43. The conduct of Defendant McGuckin was a direct and approximate cause of the violations of the Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

44. As of June 25, 2018, it was clearly established that the Fourth Amendment to the United States Constitution allows a seizure only upon probable cause that a traffic violation occurred or a reasonable, articulable suspicion that a crime had been committed, was being committed, or was about to be committed.

45. At the time of this seizure, Defendant McGuckin had not yet discovered any contraband in Plaintiff's possession or under his control and no exception to the warrant requirement existed.

46. No reasonably trained or experienced police officer would have believed it lawful to seize Plaintiff or his vehicle under the circumstances presented.

47. The action of Defendant McGuckin was intentionally designed to inflict humiliation, embarrassment, and mental anxiety to Plaintiff.

48. The action of Defendant McGuckin caused excessive anxiety, stress, inconvenience, and emotional distress to Plaintiff.

49. Defendant McGuckin engaged in deliberate conduct in violation of clearly

6

established constitutional requirements.

50.  The conduct of Defendant McGuckin entitles Plaintiff to exemplary damages.

Wherefore Plaintiff requests that this honorable court enter judgment in favor of

Plaintiff and against Defendant McGuckin in an amount of not less than $25,000.00.

## COUNT II – UNLAWFUL SEARCH
(42 U.S.C. § 1983 - Fourth Amendment; June 25 (or 26), 2018)

51.  Paragraphs 1-50 are incorporated herein by reference.

52.  On June 25 or 26, 2018, Defendant McGuckin conducted a frisk of Plaintiff

by touching his person on his outer clothing, squeezing his pockets, and placing his

hands on his waist, crotch, legs, arms, and shoulders.

53.  Defendant McGuckin did not have a warrant or probable cause and a

recognized exception to the warrant requirement.

54.  Defendant McGuckin did not have a reasonable, articulable suspicion that

Plaintiff was armed.

55.  Plaintiff had made no threats to Defendant McGuckin.

56.  Plaintiff was cooperative.

57.  Plaintiff was not personally armed.

58.  Plaintiff did not give consent for Defendant McGuckin to conduct a pat-down

search.

59.   The pat-down search of Plaintiff by Defendant McGuckin on June 25 or 26, 2018 was unreasonable.

60.   The pat-down search of Plaintiff by Defendant McGuckin on June 25 or 26, 2018 violated Plaintiff's rights to privacy guaranteed by the Fourth Amendment to the United States Constitution.

61.   On June 25, or 26, 2018, it was clearly established that a pat-down search had to be based on a reasonable, articulable suspicion that the person was currently armed and posed a threat.

62.   No reasonably trained and experienced police officer would have believed that the pat-down search of Plaintiff on June 25 or 26, 2018 was lawful.

63.   Plaintiff was damaged as a result of the unlawful pat-down search of his person in that he suffered the loss of the protection of the Fourth Amendment to the United States Constitution, emotional distress, embarrassment, humiliation, anxiety, and mental anguish.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant McGuckin in an amount not less than $25,000.00.

## COUNT III – UNLAWFUL SEARCH
(42 U.S.C. § 1983 - Fourth Amendment; June 25 or 26, 2018)

64.   Paragraphs 1-63 are incorporated herein by reference.

8

65.   On June 25 or 26, 2018, Defendant McGuckin conducted a search of Plaintiff's vehicle by physically entering the interior of the vehicle and by ordering his canine into the vehicle after which he seized physical objects.

66.  Defendant McGuckin did not have a warrant or probable cause and a recognized exception to the warrant requirement.

67.  Defendant McGuckin did not have a reasonable, articulable suspicion that the vehicle contained evidence of a crime or contraband.

68.  Plaintiff informed Defendant McGuckin that he did not give consent to search.

69.  The search of Plaintiff's vehicle by Defendant McGuckin on June 25 or 26, 2018 was unreasonable.

70.  The search of Plaintiff's vehicle by Defendant McGuckin on June 25 or 26, 2018 violated Plaintiff's rights to privacy guaranteed by the Fourth Amendment to the United States Constitution. The conduct of the Defendants McGuckin and Daly caused Plaintiff to be deprived of his liberty.

71.  Defendant Daly was aware of the actions of Defendant McGuckin, was aware of the circumstances, was in a position to prevent the constitutional violation and failed to uphold the United States Constitution.

72.  On June 25, or 26, 2018, it was clearly established that a search of a motor vehicle had to be based on probable cause or a reasonable, articulable suspicion that the vehicle contained evidence of a crime or contraband.

73.  No reasonably trained and experienced police officer would have believed that the search of Plaintiff's vehicle on June 25 or 26, 2018 was lawful.

74.  Plaintiff was damaged as a result of the unlawful search of his vehicle in that he suffered the loss of the protection of the Fourth Amendment to the United States Constitution, emotional distress, embarrassment, humiliation, anxiety, and mental anguish.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendants McGuckin and Daly in an amount not less than $25,000.00 each.

## COUNT IV – FALSE ARREST
(42 U.S.C. §1983 - Fourth Amendment; June 25 or 26, 2018)

75.  Paragraphs 1 through 74 above are incorporated herein by reference.

76.  Defendant McGuckin has received and completed training to be a certified police officer in the state of Michigan.

77.  Defendant Daly has received training to become a federal criminal investigator.

78.  The Fourth Amendment of the U.S. Constitution protects against unreasonable seizures of persons or property.

79.  Defendants may only arrest or cause the arrest of someone with a warrant or probable cause.

80.  Defendants McGuckin and Daly did not have probable cause to arrest Plaintiff on June 25 or 26, 2018.

81.  On June 25 or 26, 2018, Defendant McGuckin caused the arrest of Plaintiff by taking physical control of his movements, handcuffing him, placing him under the control of Defendant Daly, placing him a police car, transporting him to the police post, and holding him in interview room from which he could not voluntarily exit.

82.  As of June 25 or 26, 2018, it was clearly established law that law enforcement officers who arrest or cause arrests without probable cause are violating the Fourth Amendment of the United States Constitution.

83.  On June 25 or 26, 2018, no reasonably trained law enforcement officer would have believed that probable cause for an arrest existed under the circumstances in this case.

84.  The conduct of Defendants McGuckin and Daly caused Plaintiff to be deprived of his liberty.

11

85.   Defendant Daly was aware of the actions of Defendant McGuckin, was aware of the circumstances, was in a position to prevent the constitutional violation and failed to uphold the United States Constitution.

86.   Plaintiff was damaged by the conduct of all Defendants in that Plaintiff suffered a loss of liberty, stress, anxiety, embarrassment, and humiliation.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants McGuckin and Daly in an amount not less than $25,000.00 each.

## COUNT V – UNREASONABLE SEIZURE
(42 U.S.C. § 1983 - Fourth Amendment; October 17, 2019)

87.   Paragraphs 1-86 above are incorporated herein by reference.

88.   On October 17, 2019, Plaintiff was driving his vehicle north on S. Chipman Street leaving the area of 515 S. Chipman Street in Shiawassee County, Michigan.

89.   He was leaving the motorcycle clubhouse which he owned at the time.

90.   The clubhouse was equipped with outdoor surveillance video cameras.

91.   On October 17, 2019 at 20:02:18, camera number 3 captured Plaintiff's car going west in the parking lot approaching Chipman Street and shows his taillights illuminated along with his license plate.

92.   Fourteen seconds later, a Michigan State Police patrol car occupied by Defendants Travers and Nelson is seen going north by the driveway of the clubhouse.

93.   Defendants Travers and Nelson moments later conducted a stop on Plaintiff's vehicle and the incident was captured on the in-car video system.

94.   Thirty seconds into the in-car video, Plaintiff's vehicle is visible and the license plate is clearly visible.

95.   Thirty-two seconds into the video, Plaintiff activates his right turn signal as the police car's emergency lights also activate.

96.   One minute and four seconds into the video, both Defendants are now at the passenger doors of Plaintiff's car with one on each side.

97.   Approximately three minutes into the video it appears that Defendant Travers and Plaintiff are discussing a search of the vehicle.

98.   Three minutes and fifty-nine seconds into the video, Defendant Travers said "I'll need you to step out of the vehicle."

99.   At four minutes and forty-two seconds into the video, Plaintiff opened the driver's door and a non-defendant officer opens the passenger door on his own.

100. As soon as Plaintiff stepped out of his vehicle, Defendant Travers grabbed his left wrist and placed Plaintiff's hands behind his back and performed a finger lock or wrist lock on him.

101. At six minutes and forty-seven seconds into the video, Defendant Travers begins a search of Plaintiff's person.

102. At eight minutes and fifteen seconds into the video, Defendant Travers released the wrist lock or finger lock and instructed Mr. DiPonio to sit on the front bumper of the patrol car.

103. During this time, Defendant Nelson entered the passenger side and started searching the interior of the car.

104. At eight minutes and fifty-two seconds into the video, Defendant Nelson made some type of gesture to Defendant Travers who then immediately handcuffed Plaintiff.

105. At fourteen minutes and thirty seconds into the video, the audio is stopped.

106. At eighteen minutes and forty-five seconds into the video, Defendant Nelson sets the glove box component on the ground.

107. At twenty-one minutes and three seconds into the video, a third non-defendant officer arrives and instructs Plaintiff to perform a sobriety test.

108. Defendant Travers initially told Plaintiff that the reason for the stop was the failure to have the license plate light properly illuminated.

109. The claim about the license plate light is false.

110. Even if true, an equipment violation is a civil infraction under state law.

111. Defendant Travers learned of the expired insurance certificate only while engaged in the unlawful detention based on the false claim of defective equipment.

14

112. Defendant Travers escalated the seizure by ordering Plaintiff out of the vehicle, immediately conducting a pat-down, and immediately directing Plaintiff as to where he had to stand.

113. Defendants Travers and Nelson completed the search of the vehicle, seized physical objects from it and arrested Plaintiff.

114. Defendants Travers and Nelson transported Plaintiff to a police station for processing.

115. Defendants Travers and Nelson had no probable cause to believe that a violation of the Michigan Motor Vehicle Code had occurred.

116. Defendants Travers and Nelson had no reasonable, articulable suspicion that a criminal offense had occurred, was occurring, or was about to occur.

117. Defendants Travers and Nelson had no court order or warrant to stop and seize Plaintiff or his vehicle.

118. Defendants Travers' and Nelson's conduct in performing a traffic stop on Plaintiff and his vehicle was unreasonable pursuant to the Fourth Amendment to the United States Constitution and a violation of Plaintiff's rights.

119. The conduct of Defendants Travers and Nelson was a direct and approximate cause of damage to Plaintiff as described herein.

120. The conduct of Defendants Travers and Nelson was a direct and approximate

cause of the violations of the Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

121. As of October 17, 2019, it was clearly established that the Fourth Amendment to the United States Constitution allows a seizure only upon probable cause that a traffic violation occurred or a reasonable, articulable suspicion that a crime had been committed, was being committed, or was about to be committed.

122. At the time of this seizure, Defendants Travers and Nelson had not yet discovered any contraband in Plaintiff's possession or under his control and no exception to the warrant requirement existed.

123. No reasonably trained or experienced police officer would have believed it lawful to seize Plaintiff or his vehicle under the circumstances presented.

124. The actions of Defendants Travers and Nelson were intentionally designed to inflict humiliation, embarrassment, and mental anxiety to Plaintiff.

125. The actions of Defendants Travers and Nelson caused excessive anxiety, stress, inconvenience, and emotional distress to Plaintiff.

126. Defendants Travers and Nelson engaged in deliberate conduct in violation of clearly established constitutional requirements.

127. The conduct of Defendants Travers and Nelson entitles Plaintiff to exemplary damages.

Wherefore Plaintiff requests that this honorable court enter judgment in favor of Plaintiff and against Defendants Travers and Nelson in an amount of not less than $25,000.00 each.

## COUNT VI – UNLAWFUL SEARCH
(42 U.S.C. § 1983 - Fourth Amendment; October 17, 2019)

128. Paragraphs 1-127 are incorporated herein by reference.

129. On October 17, 2019, Defendant Travers conducted a frisk of Plaintiff by touching his person on his outer clothing, squeezing his pockets, and placing his hands on his waist, crotch, legs, arms, and shoulders.

130. Defendant Travers did not have a warrant or probable cause and a recognized exception to the warrant requirement.

131. Defendant Travers did not have a reasonable, articulable suspicion that Plaintiff was armed.

132. Plaintiff had made no threats to Defendants Travers or Nelson.

133. Plaintiff was cooperative.

134. Plaintiff was not armed.

135. Plaintiff did not give consent for Defendant Travers to conduct a pat-down search.

136. The pat-down search of Plaintiff by Defendant Travers on October 17, 2019 was unreasonable.

17

137. The pat-down search of Plaintiff by Defendant Travers on October 17, 2019 violated Plaintiff's rights to privacy guaranteed by the Fourth Amendment to the United States Constitution.

138. On October 17, 2019, it was clearly established that a pat-down search had to be based on a reasonable, articulable suspicion that the person was currently armed and posed a threat.

139. No reasonably trained and experienced police officer would have believed that the pat-down search of Plaintiff on October 17, 2019 was lawful.

140. Plaintiff was damaged as a result of the unlawful pat-down search of his person in that he suffered the loss of the protection of the Fourth Amendment to the United States Constitution, emotional distress, embarrassment, humiliation, anxiety, and mental anguish.

141. WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant Travers in an amount not less than $25,000.00.

## COUNT VII – UNLAWFUL SEARCH
(42 U.S.C. § 1983 - Fourth Amendment; October 17, 2019)

142. Paragraphs 1-141 are incorporated herein by reference.

143. On October 17, 2019, Defendants Travers and Nelson conducted a search of Plaintiff's vehicle by physically entering the interior of the vehicle seizing physical objects.

18

144. Defendants Travers and Nelson did not have a warrant or probable cause and a recognized exception to the warrant requirement.

145. Defendants Travers and Nelson did not have a reasonable, articulable suspicion that the vehicle contained evidence of a crime or contraband.

146. Plaintiff informed Defendants Travers and Nelson that he did not give consent to search.

147. The search of Plaintiff's vehicle by Defendants Travers and Nelson on October 17, 2019 was unreasonable.

148. The search of Plaintiff's vehicle by Defendants Travers and Nelson on October 17, 2019 violated Plaintiff's rights to privacy guaranteed by the Fourth Amendment to the United States Constitution. The conduct of the Defendants McGuckin and Daly caused Plaintiff to be deprived of his liberty.

149. Each Defendant was aware of the actions of the other Defendant, each was aware of the circumstances, each was in a position to prevent the constitutional violation and failed to uphold the United States Constitution.

150. On October 17, 2019, it was clearly established that a search of a motor vehicle had to be based on probable cause or a reasonable, articulable suspicion that the vehicle contained evidence of a crime or contraband.

1. No reasonably trained and experienced police officer would have believed that the search of Plaintiff's vehicle on October 17, 2019 was lawful.

2. Plaintiff was damaged as a result of the unlawful search of his vehicle in that he suffered the loss of the protection of the Fourth Amendment to the United States Constitution, emotional distress, embarrassment, humiliation, anxiety, and mental anguish.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendants Travers and Nelson in an amount not less than $25,000.00 each.

## COUNT VIII – FALSE ARREST
(42 U.S.C. §1983 - Fourth Amendment; October 17, 2019)

3. Paragraphs 1 through 74 above are incorporated herein by reference.

4. Defendants Travers and Nelson have received and completed training to be certified police officers in the state of Michigan.

5. The Fourth Amendment of the U.S. Constitution protects against unreasonable seizures of persons or property.

6. Defendants may only arrest or cause the arrest of someone with a warrant or probable cause.

7. Defendants Travers and Nelson did not have probable cause to arrest Plaintiff on October 17, 2019.

8.   On October 17, 2019, Defendants Travers and Nelson caused the arrest of Plaintiff by taking physical control of his movements, handcuffing him, placing him on the bumper of their patrol car, placing him a police car, transporting him to the police post, and holding him in interview room from which he could not voluntarily exit.

9.   As of October 17, 2019, it was clearly established law that law enforcement officers who arrest or cause arrests without probable cause are violating the Fourth Amendment of the United States Constitution.

10.   On October 17, 2019, no reasonably trained law enforcement officer would have believed that probable cause for an arrest existed under the circumstances in this case.

11.   The conduct of the Defendants Travers and Nelson caused Plaintiff to be deprived of his liberty.

12.   Each Defendant was aware of the actions of the other Defendant, each was aware of the circumstances, each was in a position to prevent the constitutional violation and failed to uphold the United States Constitution.

13.   Plaintiff was damaged by the conduct of all Defendants Travers and Nelson in that Plaintiff suffered a loss of liberty, stress, anxiety, embarrassment, and humiliation.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants Travers and Nelson in an amount not less than $25,000.00 each.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment enter for Plaintiff and

1.  against all Defendants as specified in the individual counts as asserted above;

2.  against all Defendants for exemplary damages in an amount not less than $25,000.00 each;

3.  against all Defendants for attorney fees as allowed by 42 USC §1988;

4.  against all Defendants for interest on the award to the date of filing of this complaint;

5.  granting such other relief as allowed by law.

SIGNATURE BY PLAINTIFF:

6/24/2021
Date

Paul A. DiPonio

Signature by Attorney:

06/24/2021
Date

/s/ J. Nicholas Bostic
J. Nicholas Bostic  P40653
Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all counts.

06/24/2021                                    */s/ J. Nicholas Bostic*
Date                                          J. Nicholas Bostic  P40653
                                              Attorney for Plaintiff
                                              909 N. Washington Ave.
                                              Lansing, MI 48906
                                              (517) 706-0132
                                              barristerbosticlaw@gmail.com

23